## LAZARUS v. UNION BANK OF BROOKLYN.

(Supreme Court, Appellate Term.   May 7, 1909.)

1. COURTS (§ 189*)—DEPOSITS—ACTIONS ON CERTIFICATES—NATURE OF CERTIFI-
CATE.

An instrument, addressed to a city marshal, certifying that a bank manager had set aside by order of court "$100 of the balance of G., the same to be payable as the court orders," was not a certificate of the "amount, nature, and description of the property held," within Municipal Court Act (Laws 1902, p. 1516, c. 580) § 79, requiring a bank officer, upon the demand of a marshal, to certify the amount, nature, and description of the property held for the benefit of the defendant in an action, so as to entitle the city marshal to maintain an action thereon under section 81, authorizing a marshal to maintain an action on an instrument such as that described in section 79 in his own name to reduce the property to his possession.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

2. ESTOPPEL (§ 58*)—EQUITABLE ESTOPPEL—MISLEADING EFFECT.

One asserting an equitable estoppel must have been misled to his injury by the act or conduct of the other party, and a bank is not so estopped, by certifying to a marshal that it had set aside a sum of the balance of a depositor's account to be paid as the court ordered, from showing that the depositor had previously transferred his funds and then had no account; the marshal not having acted, or refrained from acting, because of the representation.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 144, 145; Dec. Dig. § 58.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Henry H. Lazarus against the Union Bank of Brooklyn. From a judgment for plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued before GILDERSLEEVE, P. J., and DAYTON and GOFF, JJ.

Edward M. & Paul Grout, for appellant.
Norbert Blank, for respondent.

PER CURIAM. The pleadings were oral. The complaint simply says: "Action on certificate." The answer is: "General denial; error; mistake; notice." A demand being made for a bill of particulars, the following was furnished by the plaintiff:

"Plaintiff claims $92.14 upon a certificate made by defendant and delivered to plaintiff as marshal under levy in attachment made in the action entitled Harris Abrams, Plff., v. Luke G. Lynch, Deft."

The facts are not in dispute, and are briefly as follows: Luke G. Lynch had an account in the defendant bank on April 5, 1908, of $189.10. On or about April 6, 1908, two assignments of the account were served on the bank—one to Bernstein for $100, and one to Rosenwasser for $89.10. The assignments being duly executed, an entry was made on the books of the bank which transferred the whole of the said Luke G. Lynch's account as above indicated, and from that date the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

said Lynch has had no account in the bank. From January 30, 1908, to August 17, 1908, the defendant bank was closed and under control of receivers, during all of which time neither Luke G. Lynch nor his assignees were able to draw any money therefrom. On August 17, 1908, the very day the bank reopened, the marshal, Lazarus, appeared at the bank and served an attachment in the action of Abrams v. Lynch in the Municipal Court for $70. He stated that he would like to get the money; but the bank's manager stated that he could not pay the money out. Then, upon the marshal's statement that the amount, with costs and expenses, would be greater than $70, the manager, Mr. Johnson, gave him a paper, which the marshal characterized in his testimony as "this order." This paper was offered in evidence and reads as follows:

"Aug. 17, 1908.

"Mr. Henry H. Lazarus, City Marshal, 71 Nassau St. New York City—Dear Sir: I hereby certify that I have set aside, by order of the court, one hundred dollars of the balance of Luke G. Lynch, the same to be payable as the court orders.

"Yours very truly,		W. M. Johnson, Manager.'

Thereafter, judgment having been rendered in the action of Abrams v. Lynch, on August 28, 1908, the marshal got an execution and proceeded to the bank to collect the money. The fact that Lynch had no account, and had not had since the preceding April, had been discovered, and payment was refused. Whereupon the marshal commenced this action upon this paper as a certificate, presumably under sections 79 and 81 of the Municipal Court act (Laws 1902, p. 1516, c. 580). By section 79 it is provided that upon the demand of a marshal the proper officer of a bank "must furnish a certificate under his hand * * * of the amount, nature and description of the property held for the benefit of the defendant, or of the defendant's interest in property so held, or of the debt or demand owing to the defendant as the case requires." By section 81 it is provided that a marshal may "maintain any action or special proceeding in his own name, or in the name of the defendant, which is necessary to reduce to his actual possession an article of personal property capable of manual delivery, but of which he has been unable to obtain manual delivery," etc.

It is clear that the paper furnished by the bank was not a certificate of the amount, nature, and description of the property held. But the plaintiff claims that this letter of the manager, Johnson, estops the bank from denying at the time of its delivery to the marshal that the bank had funds of Luke G. Lynch in its possession. We do not think so; for nothing can be clearer than that the bank cannot estop itself into the possession of something that it has not got, and, further, the very essence of the principle of estoppel is that the party asserting the doctrine has been led by the act or conduct of the party against whom the estoppel is urged into some act or failure to act which has resulted to the former's detriment. Otherwise there can be no reason or theory upon which the doctrine may be predicated. There is absolutely no evidence in this record that the plaintiff did or failed to do anything which he would have done or refrained from doing if he had not been

furnished with this letter. We do not think the action can be maintained upon any theory.

The judgment must be reversed, and the complaint dismissed, with costs.